1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9          SAN FRANCISCO DIVISION

10

11   SANDREAH MARIE AGUIRRE,                    No. 12-cv-2577 RS

12          Plaintiff,

13      v.                                      **ORDER REMANDING FOR**
                                                **FURTHER PROCEEDINGS**
14   CAROLYN W. COLVIN,
     COMMISSIONER OF SOCIAL
15   SECURITY,

16          Defendant.
     _____
17

18   And related counter-action.

19   _____

20              I.      INTRODUCTION

21          Plaintiff Sandreah Marie Aguirre challenges the Social Security Commissioner's final

22   decision denying her application for supplemental security income (SSI) disability benefits.  Aguirre

23   seeks reversal of the Administrative Law Judge's (ALJ) ruling and a finding she is entitled to SSI

24   disability benefits under the Social Security Act.  In the alternative, Aguirre seeks remand for

25   further administrative proceedings.  The Commissioner asks the Court to affirm the ALJ's finding

26   that Aguirre is not disabled.  Because the ALJ did not account for third-party witness statements

27   when determining Aguirre's residual functional capacity, substantial evidence did not support the

28   ALJ's findings, and the case is remanded for further proceedings.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

## II.    BACKGROUND

A. Procedural History.

The Social Security Administration (SSA) denied Aguirre's application for SSI disability benefits under title XVI of the Social Security Act.  Administrative Record (A.R.) 17, 70, 75, 136-42.  Aguirre subsequently requested and received a hearing before an ALJ, before whom she testified.  *Id.* at 17.  The ALJ affirmed the SSA's denial of SSI benefits, on the grounds Aguirre is not disabled under the Social Security Act.  *Id.* at 14, 26 (citing section 1614(a)(3)(A) of the Social Security Act defining "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than 12 months"); *see also* 20 C.F.R. § 416.905. The ALJ found Aguirre has not engaged in substantial gainful activity since filing her SSI application and suffers severe impairments from migraines, degenerative disc disease with cervical spine pain, and depressive disorder.  *Id.* at 19.  The ALJ determined, however, Aguirre does not have an impairment or combination thereof that meets or medically equals one of the impairments required by federal regulation for a finding of disability.  *Id.* (citing 20 C.F.R. Part 404, Subpart P, Appendix 1 which lists conditions determinative of disability).  *Id.*

The ALJ found Aguirre has the residual functional capacity (RFC) to perform simple, routine, unskilled light work, including the capacity for occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps or stairs.  *Id.* at 20-21 (citing 20 C.F.R. 416.967(b) defining "light work" as jobs requiring lifting up to 20 pounds, carrying up to 10 pounds, a good deal of walking or standing, or pushing and pulling while sitting).  She cannot climb ladders, ropes, or scaffolds, and she should avoid heights and dangerous machinery.  *Id.*  The detailed decision considered medical opinion evidence, objective medical evidence, Aguirre's poor work history, her failure to follow treatment recommendations, inconsistencies between her testimony and her medical records, documented substance abuse in her medical records, and her unrestricted driver's license and driving activities.  *Id.* at 20-24.

After finding Aguirre unable to perform any past relevant work, the ALJ weighed the testimony of a vocational expert about whether jobs exist in the national economy for an individual

United States District Court

For the Northern District of California

with Aguirre's age of 32, education, work experience, and residual functional capacity.  *Id.* at 19, 24-25.  The vocational expert testified Aguirre would be able to perform the requirements of representative occupations such as agricultural produce sorter, scale operator, or produce weigher, with an estimated total of 21,055 jobs in California and 162,773 jobs in the nation.  *Id.* at 25.  The ALJ consequently determined Aguirre to be "not disabled," based on the testimony of the vocational expert, finding her capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  *Id.*  The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied her request for review.  *Id.* at 1. This appeal followed.

Aguirre moves for summary judgment or, in the alternative, to remand for further administrative proceedings.  Properly construed as an appeal, the motion seeks reversal of the ALJ's decision and a finding she is "disabled" under the Social Security Act, on the grounds that: 1) the ALJ's RFC determination was not based on substantial evidence; 2) the ALJ did not have proper grounds to discount Aguirre's symptom reporting; and 3) the ALJ improperly weighed medical opinion evidence.  Pl.'s Mot. Summ. J. 8-16.  In the alternative, Aguirre requests remand as to these issues as well as the ALJ's failure expressly to consider the statements of Aguirre's mother, Diane James, submitted in a Third Party Function Report.  *Id.* at 1, 14.

In response, the Commissioner filed a cross-motion for summary judgment or, in the alternative, to remand and allow the ALJ to remedy any defects found in the original administrative proceedings.  Def.'s Cross-mot. Summ. J. 10.  Properly construed as an opposition to the appeal, it seeks a decision affirming the Commissioner's ruling on the grounds that: 1) the ALJ's RFC determination was supported by substantial evidence; 2) the ALJ reasonably found Aguirre not entirely credible; 3) the ALJ properly considered medical opinion evidence in the record; and 4) the ALJ's failure to discuss James' Third Party Function Report was harmless error.  *Id.* at 4-9.

### III.    LEGAL STANDARD

When reviewing the Commissioner's denial of disability insurance benefits, this Court may only evaluate whether the ALJ's findings are supported by substantial evidence in the record and are free of legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is

defined as "more than a mere scintilla but less than a preponderance[,]" and the court may not substitute its judgment for that of the ALJ if the evidence can support either outcome. *Tackett*, 180 F.3d at 1098 (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).  Legal error exists when an administrative court breaches its "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered," resulting in non-harmless error to the applicant. *Biley v. Comm'r of Soc. Sec*., WL 4808439, *4 (N.D. Cal. 2012) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).  That special duty is only triggered "when the record is inadequate to allow for proper evaluation of the evidence." *Id.* (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

If the ALJ's decision is not based on substantial evidence or contains legal error, the Court may remand for further evidence or enter a judgment affirming, modifying, or reversing the Commissioner's decision based on the pleadings and transcript of the record.  42 U.S.C. § 405(g); *see also Biley*, WL 4808439 at *4.  A social security case should be remanded if additional proceedings can remedy defects in the original administrative proceedings, while reversal is appropriate if rehearing simply would delay receipt of benefits.  *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

## IV.   DISCUSSION

In order to qualify for disability insurance benefits under the Social Security Act, a claimant must establish she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" that has lasted for at least 12 continuous months, beginning while she was insured for disability benefits.  *Thomas v. Barnhart*, 278 F.3d 947, 954-55 (9th Cir. 2002) (citing 42 U.S.C. §§ 423(a)(1)(A)-(d)(1)(A)).  Under the five-step process used to determine eligibility, the ALJ considers: 1) whether the claimant is ineligible for being engaged in "substantial gainful activity"; 2) whether the claimant is ineligible for not having a medically "severe impairment" or combination thereof; 3) whether the claimant's severe impairment meets or equals a listed impairment that is conclusively presumed to be disabling; 4) whether the impairment prevents the claimant from performing her previous work; and 5) whether she is able to perform other work in the national economy, considering her age, education, and work experience.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

*Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920 (1986)).  If the claimant's severe impairment does not meet or equal a listed impairment under step three, the ALJ must determine the claimant's residual functional capacity (RFC) and apply it during steps four and five to make a final disability determination.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1034 (9th Cir. 2007) (citing 20 C.F.R. § 404.1520(4) which describes the five-step process).

The ALJ found Aguirre not disqualified under steps one, two, and four.  A.R. 19-20, 24.  At step three, the ALJ determined Aguirre does not have an impairment or combination of impairments that meets or medically equals a listed impairment, and found Aguirre has the RFC to perform simple, routine, unskilled light work.  A.R. 19.  On appeal, the question is whether the ALJ's RFC determination was based on substantial evidence and free of legal error, such that the step-five finding and denial of benefits were proper.

A. Third-Party Witness Statements.

The ALJ erred in not expressly considering statements from Aguirre's mother, Diane James.  An ALJ must consider lay testimony concerning a claimant's ability to work, and such statements "*cannot* be disregarded without comment."  *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)).  If an ALJ decides to discount witness testimony, he "must give reasons that are germane to each witness."  *Id.* (quoting *Dondrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

An ALJ's decision will not be reversed, however, for harmless error.  *Id.* at 1054.  Where the ALJ's error is a "failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  *Id.* at 1056.  When an ALJ fails to provide reasons for rejecting competent lay testimony and the court determines error was not harmless, there is not substantial evidence to support the Commissioner's subsequent findings.  *See id.* at 1056-57 (holding there was not substantial evidence to support the Commissioner's determination claimant could perform his past work, based on RFC findings and vocational expert testimony, because the ALJ failed to provide reasons to reject favorable testimony of the claimant's sister and brother-in-law).  The Court of

Appeals for the Ninth Circuit has never found an ALJ's "silent disregard of lay testimony about how an impairment limits a claimant's ability to work" to be harmless, and it consistently reverses the Commissioner's decisions for "failure to comment on such competent testimony." *Id.* at 1055-56.

The Commissioner contends because James' statements were similar to Aguirre's, failure to discuss them was harmless error. Def.'s Cross-mot. Summ. J. 9 n.4. The Commissioner relies on *Valentine*, in which the court upheld the ALJ's rejection of a claimant's wife's testimony, based on the ALJ's clear and convincing reasons for rejecting the claimant's similar subjective complaints. *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009). In *Valentine*, however, the ALJ did not silently disregard witness testimony. *Id.* The ALJ actively rejected the claimant's wife's testimony by referencing the specific reasons he previously gave to reject the claimant's testimony. *Id. Valentine* is more properly understood as permitting ALJs to reject third-party testimony through express reference to reasons already given to reject similar claimant testimony, provided they "tie the reasoning of their credibility determinations to the particular witnesses whose testimony they reject." *Id.*

In the present case, the ALJ's silence regarding James' statements was not harmless error. James testified Aguirre's condition affects her lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, memory, ability to complete tasks, concentration, understanding, and ability to follow instructions. A.R. 217. The ALJ determined, however, Aguirre has the RFC to perform light work involving lifting, standing, walking, and occasional stair climbing, balancing, kneeling, crouching, and crawling. A.R. 20. It is unrealistic to conclude "no reasonable ALJ, when fully crediting [James'] testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056. Consequently, because the ALJ did not provide reasons for rejecting competent lay testimony and the error was not harmless, there is not substantial evidence to support the Commissioner's subsequent findings. *See id.* at 1056-57.

B. Aguirre's Symptom Reporting.

An ALJ's finding that a claimant's subjective pain or symptom reporting is not credible is reviewed for substantial evidence, to ensure the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas*, 278 F.3d at 958-59. When evaluating a claimant's symptom reporting, the ALJ

1   must first consider whether there is an underlying medically determinable impairment that "could

2   reasonably be expected to produce the individual's pain or other symptoms." Soc. Sec. Ruling 96-

3   7p (1996). If the claimant presents objective medical evidence of such impairment and there is no

4   evidence of malingering, the ALJ may reject the claimant's testimony about the severity of her

5   symptoms "only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504

6   F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281-82). This requirement is unaffected by whether the

7   claimant shows her impairment "could reasonably be expected to cause the severity of the

8   symptom" averred. *Id.* The ALJ may consider the claimant's reputation for truthfulness,

9   inconsistencies in her testimony or between her testimony and her conduct, her daily activities, her

10   work record, and testimony from physicians and third parties concerning the nature, severity, and

11   effect of the symptoms she avers. *Thomas*, 278 F.3d at 958-59. The ALJ may not, however,

12   discount a claimant's credibility based wholly on a lack of medical support for the severity of her

13   pain. *Light v. Comm'r of Soc. Sec.*, 119 F.3d 789, 792 (9th Cir. 1997).

14         The ALJ properly discounted the credibility of Aguirre's symptom reporting. After finding

15   Aguirre's medically determinable impairments could reasonably be expected to cause her averred

16   symptoms, the ALJ found the averred severity of her symptoms to be not credible, determining she

17   possessed the RFC to perform simple, routine, unskilled light work. A.R. 20-21. The ALJ

18   considered the entire record, providing specific, clear, and convincing reasons for rejecting

19   Aguirre's symptom reporting. These include Aguirre's poor work history, failure to undergo

20   recommended treatment, limited recollection or ability to answer basic questions, missed medical

21   appointments, driving record and unrestricted driver's license, medical records noting substance

22   abuse, X-rays and CT scans showing mild findings inconsistent with the averred severity of her

23   symptoms, and other medical records revealing inconsistencies with her statements. A.R. 21-22.

24   The record does not suggest the ALJ found Aguirre's symptom reporting lacking in credibility

25   based wholly on the absence of medical support for the averred severity of her pain.

26      C. Weighing of Medical Testimony.

27         The ALJ is responsible for determining credibility, reconciling medical testimony conflicts,

28   and resolving ambiguities. *Meanel v. Apfel*, 172 F. 3d 1111, 1113 (9th Cir. 1999) (citing *Andrews v.*

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  If rejecting the uncontroverted opinion of a

claimant's physician, the ALJ must present clear and convincing reasons for that decision.  *Thomas*,

178 F.3d at 957.  The ALJ may reject the opinion of a treating physician in favor of a conflicting

opinion of an examining physician if the ALJ makes "findings setting forth specific, legitimate

reasons for doing so that are based on substantial evidence in the record."  *Id.* (quoting *Magallanes*

*v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  The opinions of non-treating and non-examining

physicians may constitute substantial evidence when consistent with independent clinical findings or

other evidence in the record.  *Id.*

The ALJ properly weighed medical testimony when making the RFC determination.  The

ALJ evaluated the five medical opinions in this case, each of which reported varying levels of

limitation, providing clear and specific reasons for the weight assigned to each medical opinion in

the RFC analysis.  A.R. 22-24.  In particular, the ALJ provided specific and legitimate reasons for

giving limited weight to Aguirre's treating physician, noting Aguirre saw him for the first time on

the same date he completed the RFC questionnaire, his conclusions were based only on the

"patient's report," and he made no independent reference to clinical or diagnostic findings to

support his opinions.

D.  The Step-Five Determination.

When a claimant meets the criteria for disability under the first, second, and fourth steps but

does not meet the third, as in this case, she establishes a prima facie case of disability, and the

burden shifts to the Commissioner to show the claimant can perform a significant number of other

jobs in the national economy.  *Thomas*, 278 F.3d at 955.  The Commissioner can meet this burden

through vocational expert testimony or reference to the Medical Vocational Guidelines.  *Id.*

Hypothetical questions posed to the vocational expert, however, "must consider all of the claimant's

limitations."  *Light*, 119 F.3d at 793 (quoting *Andrews*, 53 F.3d at 1044).  Since the ALJ did not

provide reasons for disregarding competent lay testimony, and because the error cannot be deemed

harmless, substantial evidence does not support the ALJ's step-five finding of "not disabled."  *Stout*,

454 F.3d at 1056-57.

Since additional proceedings can remedy the defects in the original administrative proceedings, remand is appropriate. *Lewin*, 654 F.2d at 635. Aguirre instead seeks a finding that she is disabled, relying in part on *Terry v. Sullivan*, in which the Ninth Circuit awarded benefits to the claimant on appeal. *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). In *Terry*, however, the court relied on the "exceptional facts" before it, in particular the claimant's age of 64 and the "very doubtful" likelihood the Secretary would prevail on remand. *Id.* The instant case does not present the exceptional circumstances under which a reviewing court should make a disability determination.

## V.  CONCLUSION

The case is remanded to the ALJ to weigh James' testimony explicitly, incorporate those findings into the RFC evaluation, and make a final step-five determination based on the entire record.

IT IS SO ORDERED.

Dated: 6/24/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE